FILED
OCT 27 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS

| | |
|---|---|
| **Catherine Henry** ) | |
| ) | |
| Plaintiff ) | |
| ) | 20-cv-06353 |
| v. ) | **Judge Thomas M. Durkin** |
| ) | **Magistrate Judge Jeffrey Cole** |
| **Chefs Warehouse/Allen Brothers** ) | |
| ) | |
| Defendant ) | |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

Plaintiff, Catherine Henry (hereinafter "Plaintiff"), by and through her attorney, Melissa Reardon Henry, files this complaint against Chefs Warehouse/Allen Brothers (hereinafter "Defendant"). Plaintiff seeks damages from Defendant and states as follows:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages or equitable relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e seq. (hereinafter "Title VII").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful treatment, discrimination, and retaliation against Plaintiff because of her sex leading to her unlawful termination.

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §1331 and §1343, as this action involves federal questions regarding Plaintiff's civil rights under Title VII.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment

practices alleged herein, occurred in this district.

## THE PARTIES

5. Plaintiff, Catherine Henry, is a citizen of the United States and is a resident of the State of Tennessee. At the time of the events giving rise to this complaint, Catherine Henry was a resident of the State of Illinois.

6. Defendant, Chefs Warehouse//Allen Brothers is a food distributer with its corporate headquarters located at 100 East Ridge Road, Ridgefield Connecticut 06877.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On May 5, 2019 Plaintiff filed a claim with the Illinois Department of Human Rights Commission (hereinafter the "IDHR") and the Equal Employment Opportunity Commission (hereinafter the "EEOC") against the Defendant satisfying the requirements of 42 U.S.C. §20003-5(b) and (e), based on sex and retaliation. A copy of this charge is attached as Exhibit A.

9. Plaintiff's EEOC charge against Defendant was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On or about August 3, 2020, EEOC issued to Plaintiff a Notice of Right to Sue. A copy of the notice of right to sue is attached as Exhibit B.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue letter.

## FACTS

12. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-11, above.

13. Catherine Henry is a veteran of the food distribution industry with a national reputation. Chefs Warehouse recruited Catherine Henry to open its Chicago location in 2014. As the

first employee hired for its Chicago location at 2801 South Western, Chicago IL 60608, Catherine Henry was responsible for developing the business. She established Chefs Warehouse's presence in Chicago.

14. Catherine Henry was the only female Regional Vice President at Chefs Warehouse.

15. Catherine Henry consistently exceeded performance expectations.

16. Catherine Henry discussed the lack of women in management at Chefs Warehouse with her supervisor, Pat O'Callaghan, Executive Regional Vice President.

### COUNT I: Title VII Discrimination (Sex)

17. Plaintiff re-alleges and adopts, as if fully set forth herein the allegations stated in Paragraphs 1-11 and 13-16. above.

18. Defendant discriminated against Plaintiff based upon her sex, female.

19. Defendant treated male employees more favorably.

20. Similarly situated male employees were not terminated for misconduct.

21. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits and mental anguish and other damages, and as such, is entitled to all legal and equitable remedies available under Title VII.

### COUNT II: Retaliation in Violation of Title VII

22. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-11, 13-16, and 18-21, above.

23. At all material times, Defendant was an employer as defined by Title VII.

24. After Plaintiff raised concerns about a hostile work environment, Defendant terminated her employment, alleging she violated a policy that was she was not notified was applicable to her.

25. Defendant's application of the policy was a pretext for its decision to terminate

plaintiff for raising concerns about sex discrimination

26. As a direct and proximate result of Defendant's retaliation in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits and mental anguish and other damages, and as such, is entitled to all legal and equitable remedies available under Title VII.

WHEREFORE, Plaintiff requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and back benefits found to be due ad owing at the time of trial, front-pay or reinstatement, compensatory damages, including emotional distress damages, in an amount to be proven at trial punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and reasonable attorney's fees; and

c) Award any and other further relief as the Court deems just and proper.

### Jury Demand

Plaintiff Catherine Henry hereby requests a trial by jury.

Respectfully Submitted,

_____
Melissa K. Reardon Henry

Melissa Reardon Henry
3630 North Avers Avenue
Chicago, IL 60618

(773)914-9090
melissareardonhenry@gmail.com

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.<br><br># 19W0507.13 | ☒ IDHR<br><br>☐ EEOC | 2019 CF 2342 |

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.)<br>Catherine Henry | TELEPHONE NUMBER (include area code)<br>(262)777-0914 | |
|---|---|---|
| STREET ADDRESS<br>60 East Scott #903 | CITY, STATE, ZIP CODE<br>Chicago, IL 60610 | DATE OF BIRTH<br>3/10/63 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME OF RESPONDENT<br>Chefs Warehouse/Allen Brothers | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) |
|---|---|---|
| STREET ADDRESS<br>100 East Ridge Road Ridgefield CT | CITY, STATE, ZIP CODE<br>Ridgefield CT | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON:<br>Sex, Retaliation | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>April 3, 2019<br>☐ CONTINUING ACTION |
|---|---|

IDHR INTAKE
MAY 7 '19 PM 4 12
pa

### S E E   A T T A C H E D

Page 1 of

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>*Catherine Henry* 5-7-19 | SUBSCRIBED AND SWORN TO BEFORE ME<br>THIS 7th DAY OF MAY, 2019<br><br>NOTARY SIGNATURE |
|---|---|
| TRE BELL<br>Official Seal<br>Notary Public - State of Illinois<br>My Commission Expires Nov 13, 2022<br><br>NOTARY STAMP | X _____ 5-7-19<br>SIGNATURE OF COMPLAINANT    DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev 05/14-INT)

EXHIBIT A

I.     A.     **ISSUE/BASIS**
Termination April 3, 2019 because of my sex, female

      B.     **PRIMA FACIE ALLEGATIONS**

1. I am the only female Regional Vice President at Chefs Warehouse.

2. On April 3, 2019, I was asked to sign a separation agreement. The reason given by Pat O'Callahan (male) Supervisor was violation of a company policy.

3. I began my employment the first employee of Chefs Warehouse in Chicago on March 17, 2014. I have consistently exceeded performance expectations.

4. Male employees who violated company policies have not been terminated.
    (a) The head of Human Resources in Chicago was absent without leave and out of communication with the company. Despite his job abandonment and abdication of responsibilities, he was not terminated.
    (b) A Chef's Warehouse plant manager is routinely observably intoxicated, including being incapacitated in meetings. Despite his responsibility for the oversight of a manufacturing plant, he has not been terminated.
    (c) I observed a supervisor stealing and recommended his termination. Despite my recommendation, the male supervisor remained employed until he was caught stealing again.
    (d) I recommended termination of a male sales representative whose conduct violated company policy, including engaging in sexually explicit conversations at a sales meeting. The representative failed twice to complete a performance improvement plan. Despite my objection to his continued employment, Chefs Warehouse retained the underperforming sales representative

II.     A.     **ISSUE/BASIS**
Termination April 3, 2019 in retaliation for raising internal concerns about sex discrimination at Chefs Warehouse

      B.     **PRIMA FACIE ALLEGATIONS**

1. I am the only female Regional Vice President at Chefs Warehouse.

2. On April 3, 2019, I was asked to sign a separation agreement. The reason given by Pat O'Callahan (male) Supervisor was violation of a company policy.

3. Within the last six months, O'Callahan hired two male employees from Ohio, where he previously served Chefs Warehouse, to report to me in the Chicago

operation. I was not consulted about these hires, and one of the men is paid the same salary as mine.

4. Chefs Warehouse's culture is hostile women. I discussed the lack of women in management with O'Callahan shortly before I was asked to sign a separation agreement.

5. Chefs Warehouse tolerates a hostile work environment in that male employees are permitted to violate company policies:

(a) The head of Human Resources in Chicago was absent without leave and out of communication with the company. Despite his job abandonment and abdication of responsibilities, he was not terminated.

(b) A Chef's Warehouse plant manager is routinely observably intoxicated, including being incapacitated in meetings. Despite his responsibility for the oversight of a manufacturing plant, he has not been terminated.

(c) I observed a supervisor stealing and recommended his termination. Despite my recommendation, the male supervisor remained employed until he was caught stealing again.

(d) I recommended termination of a male sales representative whose behavior included inappropriate, sexually explicit conversation at a sales meeting. The representative failed twice to complete a performance improvement plan. Despite my objection to his continued employment, Chefs Warehouse retained the underperforming sales representative

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Catherine Henry<br>c/o Melissa K. Reardon Henry, Esq. (via email)<br>60 E Scott #903<br>Chicago, IL 60610 | **From:** Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2019-01342 | Daniel Lim,<br>State & Local Coordinator | (312) 872-9669 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman / dll*      8/3/2020

Julianne Bowman,      *(Date Mailed)*
**District Director**

Enclosures(s)

cc:

CHEFS WAREHOUSE ALLEN BROTHERS
c/o Allison N. Powers, Esq. (via email)
Morgan, Lewis & Bocius LLP
77 West Wacker Drive
Chicago, IL 60601-5094

**EXHIBIT B**

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*